**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 1:12cv184HSO-RHW**

**JOMEY B. ETHRIDGE**                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT
FILED BY UNITED STATES OF AMERICA**

BEFORE THE COURT is a Motion for Summary Judgment [14] filed by the

United States of America on January 8, 2013, pursuant to Federal Rule of Civil

Procedure 56.  Jomey Ethridge filed a Response [17] on January 29, 2013, and the

United States has filed a Rebuttal [18].  After due consideration of the Motion,

Response, Rebuttal, the record and pleadings on file, and relevant legal authorities,

the Court finds that Plaintiff's Motion for Summary Judgment [14] should be

granted.

## I. FACTS AND PROCEDURAL HISTORY

Jomey Ethridge ["Defendant"] served as owner, president, director, and

resident agent of Struthers Industries, Inc., located in Gulfport, Mississippi.

Struthers Industries was in the business of designing and building heat transfer

and pressure vessels.  Due to economic setbacks and other factors, on July 17, 2003,

Defendant filed on behalf of Struthers Industries a petition for Chapter 11

bankruptcy in the United States Bankruptcy Court for the Southern District of

Mississippi.  *In Re Struthers Industries*, Bankr. No. 03-53514-ERG.  The Internal

-1-

Revenue Service ["IRS"] filed a pre-petition claim in the bankruptcy proceedings for $2,576,994.38, and a post-petition Request for Payment of Internal Revenue Taxes in the amount of $946,065.65.  Proof of Claim [14-14].   The IRS filed a Fourth Amended Proof of Claim on November 1, 2004.  Amended Proof of Claims [14-14]. As a result of the bankruptcy proceedings, Struthers Industries was liquidated in 2005.  On November 8, 2006, the Bankruptcy Court entered an Order [14-15] approving various claims against the Struthers estate, including one on behalf of the United States ["Plaintiff"] for the sum of $900,000.00 "in full and final satisfaction of its administrative claim in this case set forth in its Request for Payment of Internal Revenue Taxes dated June 17, 2005."  Bankruptcy Court Order [14-15], at p. 16, att. as Ex. "15" to Mot. for Summ. J.

The November 8, 2006, Order did not restrict Plaintiff's right to pursue relief on its pre-petition claims submitted in its November 1, 2004, Fourth Amended Proof of Claim.  As such, on June 11, 2012, Plaintiff filed a Complaint [1] in this Court against Jomey Ethridge and Cynthia McDaniel[1], seeking recovery of $742,894.51 plus interest for unpaid trust fund recovery penalty assessments resulting from Defendant's willful refusal to pay these sums.  According to the Complaint, this action is brought pursuant to:

> §§ 7402 and 7403 of the Internal Revenue Code, the Federal Debt Collection Procedure Act ["FDCPA"], 28 U.S.C. § 3301, *et. seq.,*

---

[1] On September 6, 2012, an Order and Judgment [11] was entered which resolved the matter between Plaintiff United States and Defendant Cynthia McDaniel.

-2-

Florida's Uniform Fraudulent Transfer Act ["FUFTA"], Fla. Stat. §7.26.101, *et. seq.,* and Mississippi's Uniform Fraudulent Transfer Act ["MUFTA"], Miss. Code Ann.§ 15-3-101, *et seq.;* to: (i) reduce to judgment unpaid trust fund recovery penalties owed by Jomey B. Ethridge; (ii) determine and reduce to judgment Cynthia McDaniel's liability for those trust fund recovery penalties as a fraudulent transferee of real property located in Panama City Beach, Florida (the "Panama City Beach property") and a 2010 Mercedes ESSOW (the "Mercedes"); (iii) foreclose federal tax liens on the Mercedes; and (iv) obtain an accounting, an order imposing a constructive trust on the proceeds McDaniel received from the sale of the Panama City Beach property, and an order requiring McDaniel and Ethridge to pay over the sales proceeds to the United States and permitting the United States to levy execution on those funds.

Compl. [1] ¶ 1, at pp. 1.

Plaintiff contends that during the period between March 31, 2002, and December 31, 2004, Defendant was the party responsible for collecting, accounting for, and remitting federal employment taxes for Struthers Industries employees. Plaintiff alleges that during the relevant time period, Defendant deposited millions of dollars into the Struthers operating accounts at Hancock Bank, and withdrew these same funds. As the person responsible to "collect, truthfully account for, and pay over the income and employment taxes withheld from Struthers' employees, [Defendant] willfully failed to satisfy those responsibilities and was duly assessed trust fund recovery penalties as a result pursuant to 26 U.S.C. § 6672." Compl. [1] at p 7. Plaintiff now moves for summary judgment on its claims pursuant to Federal Rule of Civil Procedure 56.

## II. <u>DISCUSSION</u>

A.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is

appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Melton v. Teachers Ins. & Annuity Ass'n of America,* 114 F.3d 557, 560 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co,* 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp.*, 612 F.3d at 858. "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient

for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

B.   <u>Plaintiff's Motion for Summary Judgment</u>

The Internal Revenue Code of 1954 ["IRC"], codified at Title 26 of the United States Code, requires an employer to deduct and withhold income and social security taxes from the wages paid to its employees. The withheld taxes shall be held by the employer as a special trust fund for the benefit of the United States. 26 U.S.C. §7501. The statutory framework includes § 6672, which states in relevant part as follows:

> (a) General rule.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .

26 U.S.C. § 6672(a).

Section 6672 establishes a two-part test for imposing liability on persons for failure to pay federal withholding taxes. First, it must be determined that the party was the "responsible person" charged with the requirement "to collect, truthfully account for, and pay over any tax imposed by this title . . . ." *Slodov v. United States,* 436 U.S. 238, 245 n.7 (1978). Second, the Court must resolve

whether the "responsible person" "willfully" failed to pay the taxes in question. 26 U.S.C. § 6672(a). Both of these requirements must be established in order to impose liability under § 6672. *McCarty v. United States,* 437 F.2d 961, 967 (1971).

Plaintiff seeks $742,894.51 plus interest in unpaid trust fund recovery penalties. In support of its request, Plaintiff has tendered pertinent records and orders from the Chapter 11 bankruptcy proceeding. Plaintiff has also submitted Form 4340 for the tax liabilities at issue during the March 2002 and June 2003 time periods. Internal Revenue Service Cert. of Official Record [14-9], att. as Ex. "9" to Pl.'s Mot. for Summ. J. Plaintiff contends that the undisputed facts show that Defendant is liable for the trust fund recovery penalties assessed against him under 26 U.S.C. § 6672, such that it is entitled to judgment as a matter of law.

Defendant's Response acknowledges the deficient payments to the IRS, Resp. [17], at p. 2, but argues that the "United States received $900.000.00, in full and final satisfaction of its administrative claim," and denies that "any failure to pay was willful," *id*. Defendant further denies that "company receipts were diverted for other purposes" and claims that "all available funds were in fact paid for employment taxes." *Id*. at pp. 2-3.

At the outset the Court notes that the Bankruptcy Court's Order entered November 8, 2006, contained the following statement:

> Notwithstanding the payments to be made to the United States under paragraph (a) and (b) and the satisfaction of its Administrative Expense Claim to be effected thereby, the United States shall retain all rights to its pre-petition claims included in its fourth amended proof of claim dated November 1, 2004, filed of record in the Bankruptcy.

Order [14-15] at p.19, ¶ f, att. as Ex. "15" to Mot. for Summ. J.

The language contained in the Bankruptcy Court's Order is plain and unambiguous, and explicitly preserves Plaintiff's right to bring this action. Defendant's argument that the $900,000.00, payment amounted to full satisfaction of Plaintiff's claims for the pertinent time periods is unpersuasive.

    1.    <u>Whether Defendant Was the Responsible Person for Remitting the Tax</u>

The Fifth Circuit has enunciated several factors to consider in ascertaining whether an individual is the responsible person under § 6672.  These factors are whether the individual:  (1) held an office or owned stock in the corporation; (2) managed the day-to-day operations of the business; (3) made decisions as to disbursement of funds and payment of creditors; and (4) had check-signing authority. *Turnbull v. United States,* 929 F.2d 173, 178 (5th Cir. 1991).  In his Response Defendant "does not argue that he was the responsible party but denies that any failure to pay was willful . . . ."  Resp. to Mot. for Summ. J. [17] at p. 2.  The summary judgment record establishes the first prong and Defendant was the responsible person under § 6672.

    2.    <u>Whether Defendant's Failure to Remit Tax Withholdings was Willful</u>

In order to make a factual determination that Defendant acted "willfully" by paying other creditors to the exclusion of Plaintiff, there must be a showing of a voluntary, conscious, and intentional act, but not necessarily a bad motive or evil intent. *Turnbull*, 929 F.2d at 179 (citing *Gustin v. I.R.S.,* 876 F.2d 485, 492 (5th Cir. 1989)).  Summary judgment is proper only where there is sufficient evidence

demonstrating that "the responsible person has knowledge of payments to other creditors after he was aware of the failure to pay withholding tax." *Mazo v. United States*, 591 F.2d 1151, 1157 (5th Cir. 1979) (citing *Teel v. United States*, 529 F.2d 903, 905 (5th Cir. 1976)). "The burden of proving lack of willfulness is on the taxpayer." *Brown v. United States*, 591 F.2d 1136, 1140-41 (5th Cir. 1979) (citations omitted).

Defendant testified in his deposition that he did not "willfully withhold these taxes" and that he had "every intent to make those payroll taxes." Dep. of Jomey Ethridge [14-1], at pp. 23. However, Defendant acknowledged that there were "employees that were paid where payroll taxes were delinquent in being submitted" and "certain vendors that were paid that were shipping critical materials that were paid instead of the payroll taxes being remitted." *Id*. at pp. 22-23.

Ms. Phyllis Carlton was employed by Defendant from 1996-2004 and was in charge of payroll. Ms. Carlton testified in her deposition that she prepared and turned the relevant 941 Forms over to Defendant along with checks she had prepared for tendering to the IRS, and that Defendant was aware of the tax liabilities for the 2002-2003 quarters. Dep. of Phyllis Carlton [14-6], at p. 18. Inasmuch as payroll taxes were being withheld from her and the other employees' paychecks during this time, Ms. Carlton assumed that when she supplied Defendant with the signed 941 Forms and prepared checks, he in turn signed the checks and remitted them, along with the 941 Forms, to the IRS. *Id*. at pp. 15-16, 23. According to Ms. Carlton, it was solely Defendant's decision not to remit the

payroll taxes.  *Id*. at p. 20.

The evidence of record demonstrates that during the time period between January 1, 2002, and June 30, 2003, Defendant deposited and had access to over $13 million dollars in the Struthers payroll account.  *See* Hancock Bank Account Summaries [11], att. as Ex. "11" to Pl.'s Mot. for Summ. J.   The evidence also shows that Defendant chose to repay or reimburse himself for certain personal capital outlays and other company obligations in lieu of remitting the outstanding balance owed to the IRS.  *See* Loan Payment Summary [12], att. as Ex. "12" to Pl.'s Mot. for Summ. J.; Dep. of Jomey Ethridge [14-1], at p. 48.   Plaintiff has further tendered documents and deposition testimony to support the conclusion that Defendant had knowledge of other creditors being paid after he was aware of the outstanding tax liability.  *See* Dep. of Jomey Ethridge [14-1]; Dep. of Phyllis Carlton [14-6]; Ethridge Loan Payments [14-12].

In opposition to Plaintiff's submissions, Defendant Ethridge has not presented significant probative evidence, instead relying on mere denials and conclusory averments.  These are insufficient to rebut Plaintiff's showing of entitlement to relief.  *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 541, 543 (S.D. Miss. 1999).  Based on the foregoing, and having construed the evidence in the light most favorable to the non-movant, the Court concludes that summary judgment in Plaintiff's favor is appropriate.  *See Mazo*, 591 F.2d at 1157; *Moore v. United States*, 465 F.2d 514, 517-18 (5th Cir. 1972).

III. CONCLUSION

The Court finds that Plaintiff has carried its burden of demonstrating that Defendant was the responsible person, and that his failure to pay was willful. There is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Plaintiff United States of America's Motion [14] for Summary Judgment, filed January 8, 2013, pursuant to FED. R. CIV. P. 56, is **GRANTED.**

**SO ORDERED AND ADJUDGED**, this the 5th day of June, 2013.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE